# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BRIAN EASTER**, <br><br> **PLAINTIFF**, <br><br> v. <br><br> **BEACON TRI-STATE STAFFING, INC.**, et al., <br><br> **DEFENDANTS**. | CASE NO. 2:17-cv-00197-ALM-KAJ <br><br> JUDGE ALGENON L. MARBLEY <br><br> MAGISTRATE JUDGE JOLSON |

## STIPULATED PROTECTIVE ORDER

**IT IS ORDERED** that this Stipulated Protective Order shall govern the above-captioned case as follows:

1. <u>Scope</u>. All documents produced in the course of discovery, including all responses to discovery requests, all deposition testimony and exhibits, and all other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (all such materials are collectively referred to as "Documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. This Order supplements the Federal Rules of Civil Procedure, the Local Rules of this Court, and any other orders of this Court. Unless explicitly stated in this Order, nothing displaces any part of these aforementioned rules or orders.

2. <u>Form and Timing of Designation</u>. A party may designate Documents as confidential and restricted in disclosure under this Order by placing or affixing the words

"CONFIDENTIAL" on the Document in a manner that will not interfere with the legibility of the Document and that will permit complete removal of the CONFIDENTIAL designation. Documents shall be designated CONFIDENTIAL prior to or at the time of the production or disclosure of the Documents. The designation "CONFIDENTIAL" does not mean that the Document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. <u>Documents Which May be Designated</u>. Any party may designate Documents as CONFIDENTIAL upon making a good faith determination that the Documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and other information or Documents that are publicly available may not be designated as CONFIDENTIAL.

4. <u>Depositions</u>. Deposition testimony shall be deemed CONFIDENTIAL only if designated as such. Such designation shall be specific as to the portions of the transcript (i.e., pages and lines) or to any exhibit to be designated as CONFIDENTIAL. A party wishing to designate any portion of a deposition transcript or any portion of a deposition exhibit as CONFIDENTIAL shall serve its designations upon all other parties within thirty (30) days after receiving the transcript of the deposition. Thereafter, the deposition transcripts and any those portions so designated shall be protected as CONFIDENTIAL, pending objection, under the terms of this Order.

5. Protection of Confidential Material.

   a.* * Protections*. Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in Section 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal.

   b. Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL Documents to any third person or entity except as set forth below in subsections (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review Documents that have been designated CONFIDENTIAL:

   (1) Counsel. Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action.

   (2) Parties. Parties to this Order and, in the case of a corporation or other business entity, any employees of the corporation or other business entity by written consent of the producing party, but only after such employees of the corporation or other business entity have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

   (3) Court Reporters and Recorders. Court reporters and recorders engaged for depositions.

   (4) Consultants, Investigators and Experts. Consultants, investigators, or experts (collectively referred to as "Experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained

3

in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(5) <u>Others by Consent</u>. Other persons only by written consent of the producing party or upon order of the Court for good cause shown. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

c. <u>Attorneys' Eyes Only</u>. If there are Documents designated CONFIDENTIAL that contain medical or psychiatric information, highly sensitive trade secrets, or other highly sensitive competitive or confidential information and disclosure to another party would result in demonstrable harm to the disclosing party, then those Documents may also be designated "ATTORNEYS' EYES ONLY," at which point they may only be viewed by the persons listed in Sections 5(b)(1), (3), (4), and (5).

d. <u>Control of Documents</u>. Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of Documents designated as CONFIDENTIAL. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment, and/or the conclusion of any appeals arising therefrom.

e. <u>Copies</u>. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (collectively referred to as "Copies") of Documents designated as CONFIDENTIAL under this Order, or any individual portion of such a document, shall be affixed with the designation CONFIDENTIAL if the word does not already appear on the copy. All such Copies shall thereafter be entitled to the

protection of this Order. The term "Copies" shall not include indices, electronic databases, or lists of Documents provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of confidential Documents or otherwise disclose the substance of the confidential information contained in those Documents.

6. <u>Filing Documents Under Seal</u>. Any party wishing to file under seal a Document that has been designated CONFIDENTIAL must comply with Section XI.A the Court's 6th Civil Amended Administrative Order (the "Administrative Order"). Consistent with the Administrative Order, no document may be filed under seal except as permitted by a specific order of the Court on a motion or stipulation that sufficiently demonstrates the specific justification for filing the particular Document under seal.

7. <u>Use of Confidential Documents or Information at Trial or any Hearing</u>. All trials and hearings are open to the public. Absent order of the Court, there will be no restrictions on the use of any Document that may be introduced by any party during the trial or at any hearing. If a party intends to present at trial CONFIDENTIAL Documents or information derived therefrom, such party shall file with the Clerk a notice, at least five (5) days before the commencement of trial or hearing, that identifies the Documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL Documents or information. The Court may thereafter make such orders as are necessary to govern the use of such Documents or information at trial or at hearing.

8. <u>Obligations on Conclusion of Litigation</u>. The parties are bound by the following obligations upon the conclusion of this action:

a. <u>Order Remains in Effect</u>. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b. <u>Return of Designated Documents</u>. Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all Documents treated as CONFIDENTIAL under this Order, including Copies as defined in Section 5(d), shall be returned to the producing party unless: (1) the Document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to Documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the Documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy Documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential Documents. This work product shall continue to be CONFIDENTIAL under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL Documents.

c. <u>Return of Designated Documents Filed under Seal</u>. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy Documents filed or offered at trial or hearing under seal or otherwise restricted by the Court as to disclosure.

9. <u>Dispute Resolution</u>.  Any CONFIDENTIAL designation is subject to challenge by any party or non-party with standing to object. Before filing a motion with the Court disputing a designation, the objecting party has an obligation to meet and confer in good faith to try to resolve the dispute by agreement. If agreement is reached confirming or waiving a designation, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

10. <u>Objections Preserved</u>.  By agreeing to this Order, the parties do not waive any objections as to the production, discoverability, authenticity, admissibility, or confidentiality of Documents.

11. <u>Cooperation</u>.  The parties agree to act cooperatively and meet and confer regarding any issues arising under or related to this Order.

12. <u>Procedure and Time Periods</u>.  This Order is also subject to the Local Rules of this Court and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

13. <u>Modifications</u>.  Any term of this Order may be varied by agreement of the parties or nonparties, confirmed in writing; by the Court for good cause shown; or by the Court on its own motion.

14. <u>No Prior Judicial Determination</u>.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order shall be construed or presented as a judicial determination on any discovery disputes, including without limitation that any Documents or information designated by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure, until such time as the Court has ruled on a specific discovery dispute or designation.

15. <u>Persons Bound</u>. This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED**.

Date: May 24, 2017
/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BRIAN EASTER**,<br><br>**PLAINTIFF**,<br><br>v.<br><br>**BEACON TRI-STATE STAFFING, INC.**, et al.,<br><br>**DEFENDANTS**. | CASE NO. 2:17-cv-00197-ALM-KAJ<br><br>JUDGE ALGENON L. MARBLEY<br><br>MAGISTRATE JUDGE JOLSON |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY THE STIPULATED PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Address: _____

Date: _____

Signature: _____