# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

BRIAN EASTER,

  Plaintiff,

 v.              Civil Action 2:17-cv-197
                Judge Algenon L. Marbley
                Magistrate Judge Jolson

BEACON TRI-STATE
STAFFING, INC., et al.,

  Defendants.

## ORDER

This matter is before the Court on Third Party Ohio Department of Job and Family Services' Motion to Quash Subpoena and Motion for Protective Order. (Doc. 21). For the reasons that follow, the Motion is **DENIED**.

## I. BACKGROUND

Plaintiff initiated this action on March 7, 2017, against his two former joint employers, Defendants Beacon Tri-State Staffing, Inc. and C*MAC Transportation, LLC, alleging violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2611, et seq. and age discrimination under Ohio Revised Code §§ 4112.02, 4112.14, and 4112.99. (Doc. 1). More specifically, Plaintiff believes he was subject to termination, in part, because he exercised his right under the FMLA to take leave to care for his ill father. (*See generally id.*). After his termination, Plaintiff applied for unemployment benefits. (Doc. 25 at 7). During those proceedings, Plaintiff learned from the Ohio Department of Job and Family Services ("ODJFS") that his employers opposed his receipt of unemployment benefits because they believed he was absent excessively. (*Id.*). Consequently, and relevant to the Motion before the Court, Plaintiff

believes ODJFS possesses evidence that may show Defendants relied upon Plaintiff's FMLA leave to fire him.

On September 5, 2017, Plaintiff filed notice of his intent to serve a subpoena on ODJFS, seeking the production of "all filings, questionnaires, files, notes, correspondence, transcripts of hearings, recordings of hearings, or other documents concerning Plaintiff," as well as "any questionnaires completed by, documents provided by, or correspondence with Beacon Tri State Solutions Inc. or C*MAC Transportation, LLC concerning Plaintiff." (Docs. 17, 17-1). Although Defendants indicated they did not object to the subpoena, ODJFS did. Consequently, the Court held a status conference on September 19, 2017, regarding the dispute over Plaintiff's subpoena, and directed Plaintiff and ODJFS to submit simultaneous letter briefs regarding their positions. (Doc. 20).

Pursuant to the Court's Order, Plaintiff submitted his letter brief to the undersigned on September 26, 2017. ODJFS, however, filed the present Motion to Quash Subpoena and Motion for Protective Order on the same date, in place of a letter brief. (Doc. 21). Plaintiff represented to the Undersigned that he wished his letter brief to be construed as his Response in Opposition to ODJFS's Motion to Quash, and it was accordingly filed on the docket as such on October 5, 2017. (Doc. 25). Because the Court had ordered simultaneous letter briefs, no reply was allowed. Thus, the matter is now ripe for this Court's consideration.

## II. STANDARD

Under Rule 45 of the Federal Rules of Civil Procedure, parties may command a non-party to produce documents. Fed. R. Civ. P. 45(a)(1)(D). Rule 45 further provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or

2

waiver applies[.]" Fed. R. Civ. P. 45(d)(3)(A)(i),(iv). However, the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26—parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. *Hendricks v. Total Quality Logistics*, LLC, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . .").

### III. DISCUSSION

As noted, Plaintiff seeks all documents concerning his unemployment benefits claim from ODJFS. In response, ODJFS argues that federal and state laws prohibit disclosure of his unemployment compensation information in this case. (Doc. 21 at 1). In particular, ODJFS relies on Ohio Revised Code § 4141.21, which restricts the admissibility of information maintained by ODJFS in connection with unemployment compensation disputes:

> [T]he information maintained by the director of job and family services or furnished to the director by employers or employees pursuant to this chapter is for the exclusive use and information of the department of job and family services in the discharge of its duties and shall not be open to the public or be used in any court in any action or proceeding pending therein, or be admissible in evidence in any action, other than one arising under this chapter or section 5733.42 of the Revised Code.

Ohio Rev. Code § 4141.21.

As Plaintiff correctly notes, "[s]tate privilege law is not controlling [in federal court] in federal question cases." *Williams v. United Steelworkers of Am.*, No. 1:09-CV-743, 2011 WL 2135179, at *8 (S.D. Ohio May 27, 2011) (citing *Freed v. Grand Court Lifestyles, Inc.*, 100 F. Supp. 2 d 619, 612 (S.D. Ohio 1998)). Rather, federal law governs privilege issues in a federal-question case like this action. *See* Fed. R. Evid. 501. As a result, numerous courts in this district

3

have found that, despite Ohio Rev. Code § 4141.21, "ODJFS records are not entitled to an absolute privilege in federal courts." *Williams v. United Steelworkers of Am.*, No. 1:09-CV-743, 2011 WL 2135179, at *8 (S.D. Ohio May 27, 2011); *see also Klaus v. Hilb, Rogal & Hamilton Co. of Ohio*, 437 F. Supp. 2d 706, 720 (S.D. Ohio 2006) (admitting ODJFS records Plaintiff sought to introduce as evidence that employer's purported justifications for terminating an employee were inconsistent, because they were not absolutely privileged under Ohio Rev. Code § 4141.21); *E.E.O.C. v. Honda of Am. Mfg., Inc.*, No. 2:06-CV-0233, 2006 WL 2934072, at *1 (S.D. Ohio Oct. 12, 2006) (denying ODJFS motion to quash subpoena seeking a complete copy of the unemployment compensation file of a former employee of Defendant). In other words, "the question posed when a litigant or non-party asserts a state law privilege in response to an otherwise appropriate discovery request is not whether the privilege is enforceable in the state courts, but whether there is a federal common law privilege that would exempt the requested information from disclosure." *Honda of Am. Mfg., Inc.*, 2006 WL 2934072, at *1.

One court in this district, seeking to answer such a question, explained:

In *Freed*, the court did not simply reject the claim of privilege because it rested on state law, but it engaged in a balancing of the interests served by the state prohibition against disclosure against the requesting party's interest in obtaining the information. There, dealing with the same type of information that is requested here and with the same statute, the court concluded that the result of the balancing of interests favored disclosure. At least one other Judge of this Court has reached a similar result in a case involving O.R.C. § 4141.21, *see Klaus v. Kilb, Rogel & Hamilton Co.*, 437 F.Supp.2d 706 (S.D. Ohio 2006)(Sargus, J.), and the undersigned has also adopted the method of analysis set forth in *Freed. See Hawkins v. Anheuser–Busch*, Case No. 2:05–cv–688 (S.D. Ohio June 19, 2006) (analyzing claim of privilege based on exemptions found in the Ohio Public Records Act, O.R.C. § 149.43).

*Id.*

Here, the relevance of Plaintiff's unemployment compensation file is not in question— the file may contain statements made by Defendants regarding the reasons for Plaintiff's

4

termination, one of the key issues in the current action. While the Court recognizes that "the State of Ohio [] ha[s] an interest in encouraging participants in the unemployment compensation system to make truthful statements . . . without fear that those statements will be used against them in some other setting," the Plaintiff in this action has an interest in determining if Defendants made statements that are inconsistent with the defenses asserted here. *See Honda of Am. Mfg., Inc.*, 2006 WL 2934072, at *2. Further, the privacy interest surrounding these documents appears to be particularly low considering that Defendants took no position on ODJFS' Motion to Quash. *See id.* Consequently, after performing the balancing required by *Freed*—as every court considering the issue has done—the Court concludes that no privilege for unemployment records should be recognized here. *See id.*

It is worth noting that ODJFS attempts to distinguish *Freed* by arguing that it "resolved the conflict between federal common law and state statute," but did not reconcile "federal unemployment confidentiality statutes and regulations with federal common law." (Doc. 21 at 3–4). Accordingly, ODJFS argues that 20 C.F.R. §§ 603.5 and 603.7, *inter alia*, prevent the disclosures Plaintiff seeks here. ODJFS fails, however, to cite to a single federal case in the Sixth Circuit that stands for this proposition. ODJFS seemingly recognizes the novelty of its argument and suggests that courts have not addressed these federal unemployment regulations, "possibly because they were unaware of the existence of these laws," to which ODJFS claims they are now trying to remedy this oversight. (*Id.*). The Court finds this argument unpersuasive, but briefly addresses the federal unemployment confidentiality statute.

As ODJFS recognizes, paragraph (h) of 20 C.F.R. § 603.5 allows disclosure of confidential unemployment compensation information "in response to a court order or to an official with subpoena authority . . . as specified in § 603.7(b)." (Doc. 21 at 3, citing 20 C.F.R.

§ 603.5(h)). Turning to the text of § 603.7, although a state agency is required to file and diligently pursue a motion to quash a subpoena as a means of avoiding the disclosure of confidential unemployment compensation information, this requirement is not applicable when "a subpoena or other compulsory legal process has been served and a court has previously issued a binding precedential decision that requires disclosures of this type, or a well-established pattern of prior court decisions have required disclosures of this type[.]" 20 C.F.R. § 603.5(a)(b). The Court finds that the cases previously discussed, *United Steelworkers of Am.*, 2011 WL 2135179; *Klaus*, 437 F. Supp. 2d 706, *Honda of Am. Mfg., Inc.*, 2006 WL 2934072, constitute a well-established pattern in this district that is sufficient under 20 C.F.R. § 603.7(b).

## IV. CONCLUSION

For the reasons stated, ODJFS's Motion to Quash Subpoena and Motion for Protective Order is **DENIED.** The requested documents in Plaintiff's subpoena concerning his unemployment compensation claim relating to his employment with Defendants shall be produced within twenty-one (21) days of the date of this Order.

<u>Procedure on Objections</u>

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law. This order is in full force and effect even if a motion for reconsideration has

been filed unless it is stayed by either the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

IT IS SO ORDERED.

Date: October 17, 2017

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE